| | |
|---|---|
| 1 | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re:

FRASER'S BOILER SERVICE, INC.,

Debtor.

---

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA,

Appellant,

v.

FRASER'S BOILER SERVICE, INC.,
et al.,

Appellees.

CASE NO. 3:19-cv-05648-RBL

ORDER ON NATIONAL UNION'S
MOTION TO SUPPLEMENT THE
RECORD

DKT. # 23

## INTRODUCTION

THIS MATTER is before the Court on Appellant National Union Fire Insurance Company of Pittsburgh, PA's Motion to Supplement the Record. Dkt. # 23. Although this is a relatively simple motion, it is part of a convoluted dispute and thus requires a lengthy preamble.

This case revolves around an effort by Appellee Fraser's Boiler Service, Inc. ("FBS"), a defunct company that exists solely to pay out asbestos claims, to sell back the majority of its insurance policies. In 2018, FBS negotiated a Settlement Agreement with several of its insurers (the "Settling Insurers") to sell back policies free and clear of all third-party claims, including equitable and contractual claims for contribution by FBS's other insurers (the "Inter-Insurer Claims"). The Bankruptcy Court approved the Agreement and enjoined the Inter-Insurer Claims on July 18, 2018. In March of 2019, this Court reversed the Bankruptcy Court's order and dissolved the injunction. *See In re Fraser's Boiler Serv., Inc.*, No. 3:18-CV-05637-RBL, 2019 WL 1099713 (W.D. Wash. Mar. 8, 2019).

National Union is one of FBS's few insurers that was not a party to the Settlement Agreement and therefore would have continued insuring FBS without the Settling Insurers after the other policies were sold back. Before FBS entered bankruptcy, National Union had filed a lawsuit in California state court asserting equitable and contractual contribution claims against the Settling Insurers. However, after approving the Settlement Agreement, the Bankruptcy Court issued an order staying the California action (the "Contribution Stay Order") that National Union and the Settling Insurers stipulated to.

Once this Court reversed the Bankruptcy Court's order approving the Settlement Agreement, National Union moved to modify, lift, or vacate the Contribution Stay Order. The Bankruptcy Court denied this motion on July 2, 2019. Simultaneously, the Bankruptcy Court issued another order lifting the automatic stay in FBS's bankruptcy, effective October 1, 2019. This would allow asbestos plaintiffs to revive stayed lawsuits against FBS. Seeing these decisions as an end-run around this Court's reversal of the Bankruptcy Court's order approving

the Settlement Agreement, National Union appealed the Bankruptcy Court's denial of its motion to lift the Contribution Stay Order.

Now, National Union has moved to supplement the record on appeal. Dkt. # 23. Several of the documents submitted by National Union were "inadvertently omitted from its designation of the record for this appeal" and are not contested by FBS or the Settling Insurers. Dkt. # 23, Appendix 1-3. However, National Union also seeks to introduce letters (sent via email) evidencing FBS's recent tender of asbestos claims exclusively to National Union, Certain Underwriters at Lloyd's, London, and London Market Insurers but not the Settling Insurers. Dkt. # 23, Appendix 4. These letters post-date the Bankruptcy Court's order that is the subject of this appeal. Consequently, the Settling Insurers argue that they cannot be included in the record. *See* Dkt. # 29. National Union responds that the Court should allow supplementation of the record because the letters are directly relevant to a key issue in the appeal and will help the Court reach a well-informed decision. *See* Dkt. ## 23, 30.

For the following reasons, the Court GRANTS National Union's Motion.

**DISCUSSION**

Generally, an appellate court should not allow parties to supplement the record on appeal absent "extraordinary circumstances." *United States v. Boulware*, 558 F.3d 971, 976 (9th Cir. 2009) (citing *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003)). However, in *Teamsters Local Union No. 117 v. Washington Dept. of Corrections*, the Ninth Circuit recently allowed a party to supplement the record with evidence of standing because it was "in the interests of justice and efficiency" to do so. 789 F.3d 979, 986 (9th Cir. 2015) (citing *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1170 (11th Cir. 2006) (allowing supplementation where the "additional material would be dispositive of pending issues in the case")). The court observed

that refusing to supplement the record could result in "a remand or dismissal on procedural grounds [that] would merely prolong resolution of the underlying issues." *Id*.

Courts also may supplement the record by taking judicial notice. *See Lowry*, 329 F.3d at 1024. Under Fed. R. Evid. 201(b)(2), courts may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See E.E.O.C. v. Ratliff*, 906 F.2d 1314, 1318 n.6 (9th Cir. 1990) (taking judicial notice of facts pertinent to determining if Title VII applied to appellee's business). This rule has been found particularly applicable in bankruptcy appeals due to the ongoing nature of the underlying insolvency proceeding. *See In re Cummins*, 20 B.R. 652, 653 (B.A.P. 9th Cir. 1982); *see also In re Victory Const. Co., Inc.*, 37 B.R. 222, 227 (B.A.P. 9th Cir. 1984) ("An appellate court may take judicial notice of developments subsequent to appeal."). In *Cummins*, the court was particularly un-swayed by the appellee's attempt to withhold facts from the record that he readily acknowledged were true. 20 B.R.at 654.

Here, the Bankruptcy Court's decision not to lift the Contribution Stay Order focused on the balance of equities between National Union and the Settling Insurers. June 26 Hearing Transcript, Dkt. # 18-1, at 144-45. The court observed that the harm to the Settling Insurers from lifting the stay would be concrete because any defense and indemnification costs incurred by the Settling Insurers would be deducted from the settlement money paid to FBS if the Ninth Circuit ultimately upheld the Settlement Agreement. *Id*. at 127-128. In contrast, the Bankruptcy Court viewed the potential harm to National Union as hypothetical because National Union had not yet incurred costs defending revived asbestos claims and the court doubted it would anytime soon. *Id*. at 147-48. The court even left the door open for National Union to renew its motion to lift the Contribution Stay Order if it could make a showing of "actual and substantial loss." *Id*. at 148.

Because the Bankruptcy Court's order depended partly on predicting future events, it would make little sense for this Court to needlessly take the same speculative approach to events that have come to pass. If there is new, straightforward evidence that may alter the Bankruptcy Court's calculus of the equities, it would be in the interests of justice and efficiency for this Court to consider it. *See Teamsters Local Union No. 117*, 789 F.3d at 986. Ignoring it could result in National Union simply renewing its motion to lift the Contribution Stay Order before the Bankruptcy Court based partly on the same evidence.

The letters contained in Appendix 4 qualify as such straightforward evidence. They "accurately and readily" indicate that FBS has tendered numerous claims either to National Union alone or to National Union and Lloyd's/London Market Insurers. *See* Fed. R. Evid. 201(b)(2); Dkt. # 23, Appendix 4, at 2, 6, 10, 14, & 16. Although their ultimate impact on the issues is uncertain, the letters undoubtedly shed new light on the threats faced by National Union if the Contribution Stay Order is not lifted. The Settling Insurers do not argue to the contrary. Consequently, whether under the authority to supplement the record or take judicial notice, the Court will consider the letters. National Union's Motion is GRANTED.

However, this reasoning cuts both ways. It may be that the Settling Insurers can offer similarly straightforward evidence in response. To eliminate the possibility of prejudice, the Court GRANTS the Settling Insurers' request for a reasonable opportunity to designate additional items for the appellate record in response to the letters. *See* Objection, Dkt. # 29, at 4.

//

//

//

//

The Settling Insurers should make their designations within 10 days of this Order. The Court will hold any items offered by the Settling Insurers to the same standards described here to determine if they should be added to the record.

IT IS SO ORDERED.

Dated this 19th day of November, 2019.

Ronald B. Leighton
United States District Judge